OPINION
Defendant Nathaniel Wren appeals a judgment of the Court of Common Pleas of Richland County, Ohio, convicting and sentencing him on four counts of aggravated trafficking in drugs, three first degree felonies and a second degree felony, all in violation of R.C. 2925.03, after a bench trial. Appellant assigns a single error to the trial court:
ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN FINDING DEFENDANT-APPELLANT GUILTY BASED ON THE FACTS THAT THE STATE FAILED TO PROVE VENUE AND JURISDICTION AND THAT THE DEFENDANT-APPELLANT HAD INEFFECTIVE SERVICE OF COUNSEL. FURTHER, THE TRIAL COURT ERRED IN THE SENTENCING OF THE DEFENDANT-APPELLANT, BY NOT ALLOWING HIM THE OPTION OF BEING SENTENCED UNDER SENATE BILL 2, WHICH WAS IN EFFECT JULY 1, 1996, PRIOR TO HIS DATE OF SENTENCING.
The record indicates appellant allegedly sold cocaine to members of the Mansfield Police Department.
The alleged drug transactions occurred in August and September of 1995. Appellant was sentenced on July 3, 1996. Senate Bill 2 became effective July 1, 1996. The Bill drastically changed the penalties for violations of R.C. 2925.03. Appellant urges had he been sentenced under the new law, he would have been sentenced on four counts of third-degree felonies, and his sentence could not have exceeded 20 years if run consecutively. Instead, the trial court sentenced appellant to three to fifteen years on count one, and seven to twenty-five years on count two, the sentences to run concurrently. On the third and fourth counts, appellant was sentenced to seven to twenty-five years each, those also to be served concurrently, but consecutively to counts one and two. In State v. Rush (July 7, 1997), Stark Appellate number 96CA419, unreported, this court held a trial court must permit a defendant to elect to be sentenced in accord with Senate Bill 2 where the offense occurs before the effective date of the Senate Bill 2 but the defendant is not sentenced until after Senate Bill 2 is effective.
We find the trial court erred in sentencing appellant.
Appellant also argues the trial court should not have found him guilty because the State failed to prove venue and jurisdiction. We have reviewed the record, and we find there was testimony the drug transactions took place in Richland County, Ohio.
Finally, appellant argues he was denied the effective assistance of counsel, because counsel failed to call two witnesses who could have impeached the veracity of two of the State's witnesses, and also because counsel had advised appellant to waive his right to a jury trial and tried the matter to the court. Appellant urges a jury might have acquitted him of the charges.
In Strickland v. Washington (1984), 466 U.S. 668, the United States Supreme Court set forth a two-prong test to determine whether an accused has received the effective assistance of counsel. First, the accused must show counsel's assistance was below an objective standard of reasonableness, and must also show that but for counsel's ineffectiveness, the result of the trial would have been different. Ohio uses the Strickland test, seeState v. Bradley (1989), 42 Ohio St.3d 136.
We have reviewed the record of the evidence presented, and we find the testimony of the State's witnesses Heydinger and McQuad was supported by audio tapes of the drug transactions. Although appellant argues the testimony of the two men was not credible, it also appears counsel very capably cross examined all the State's witnesses, and also very capably pointed out to the court the weaknesses of the State's case in his closing arguments. This court cannot say trial counsel omitted anything in his presentation of appellant's defense which would have resulted in a more favorable outcome. Accordingly, we find counsel was effective.
The assignment of error is sustained in part and overruled in part.
For the foregoing reasons, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed in part and reversed in part, and the sentence is vacated. The cause is remanded to that court with instructions to resentence appellant according to law and consistent with this opinion.
By Gwin, J., Farmer, P.J., and Wise, J., concur
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed in part and reversed in part. The sentence is vacated, and the cause is remanded to the Common Pleas Court with instructions to re-sentence appellant in accord with law and consistent with this opinion. Costs to appellant.